OPINIONS OF THE SUPREME COURT OF OHIO
      The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
      Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
      NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Cleveland Bar Association v. Frye.
[Cite as Cleveland Bar Assn. v. Frye (1994),      Ohio St.
3d      .]
Attorneys at law -- Misconduct -- Six-month suspension with
      readmittance conditioned on making full restitution to
      client -- Engaging in conduct involving dishonesty, fraud,
      deceit or misrepresentation -- Making an aggregate
      settlement of claim of client without client's consent --
      Failing to deposit client's funds in an identifiable bank
      account -- Failing to promptly notify client of receipt of
      his funds -- Failing to promptly pay or deliver to client
      funds to which client is entitled.
      (No. 94-1378 -- Submitted August 17, 1994 -- Decided
November 9, 1994.)
      On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 93-48.
      On August 16, 1993, the Cleveland Bar Association,
relator, filed a complaint against Thomas Frye, respondent, of
Euclid, Ohio, Attorney Registration No. 0033909.  Relator
charged him with violations of DR 1-102(A)(4) (engaging in
conduct involving dishonesty, fraud, deceit, or
misrepresentation), 5-106 (making or participating in the
making of an aggregate settlement of the claims of or against
his client without client's consent), 9-102(A)(2) (failing to
deposit client's funds in an identifiable bank account),
9-102(B)(1) (failing to promptly notify client of the receipt
of his funds, securities, or other properties), and 9-102(B)(4)
(failing to promptly pay or deliver to client as requested by
client funds to which client is entitled).  Respondent admitted
most of the allegations contained in the complaint but denied
any violations of the disciplinary code.  A panel of the board
held a hearing on this matter on January 28, 1994.
      Richard E. Adkins, Jr., a victim of an assault at the Sky
Bar in Cleveland, hired respondent to represent Adkins in a
lawsuit against the bar and an individual in April 1984.
Respondent filed suit on August 15, 1984.
      Respondent, thinking he had Adkins's authority to settle
the case, agreed to accept $2,000 for Adkins's claims in

December 1985.  Respondent received a $2,000 check, signed Adkins's name to endorse the check, and deposited it into his personal account.  Respondent also signed a "Stipulation for Dismissal and Judgment Entry," which dismissed the case with prejudice.  This pleading was filed on December 17, 1985.

Nevertheless, Adkins rejected the settlement, and respondent did not inform him that he had settled the case or dismissed it.  Adkins or his wife repeatedly contacted respondent regarding the progress of the case, and respondent repeatedly failed to inform them of the settlement.  Instead, respondent continued to advise Adkins that the case was pending.  Respondent would tell Adkins of an increased offer, which respondent knew he would be paying out of his own funds.  Adkins refused to accept any of these offers.

In June 1990, Mrs. Adkins, while on an errand at the courthouse, checked the file on her husband's case and learned that it had been settled five years earlier.  She called respondent, who claimed that the case was still pending.  She then called the defendants' attorney, who confirmed that he gave a check to respondent in 1985.

Adkins hired another attorney, who reached agreement with respondent on the claims.  Respondent agreed to pay Adkins $10,000 in twenty monthly installments of $500 each.  Respondent has sporadically paid Adkins a total of $2,700, still owing him $7,300.  Respondent claims that a declining practice has prevented him from paying Adkins in full.

As mitigation, respondent presented testimonial letters from several judges, evidence of an exemplary military career prior to his legal career, and a statement from his doctor that he suffers from severe alcohol dependence and adjustment disorder with depressed mood.  He also presented the testimony of his foster daughter.  She testified that respondent provided her with home tutors so she could graduate from high school.

The panel concluded that respondent violated DR 1-102(A)(4), 5-106, 9-102(A)(2), 9-102(B)(1), and 9-102(B)(4).  The panel also concluded that, because respondent engaged in deceptive conduct for a long period of time, he deserved punishment more severe than a public reprimand but less severe than an indefinite suspension.  Consequently, the panel recommended that respondent be suspended from the practice of law for six months.  The board adopted the findings of fact, the conclusions of law, and the recommendation of the panel.

Keith E. Belkin and Charles M. Young, for relator.
Thomas E. Frye, pro se.

Per Curiam.  After reviewing this matter, we agree with the findings of fact, conclusions of law, and recommendation of the board.  However, respondent shall not be readmitted to the bar until he makes full restitution under the agreement with Adkins.  Accordingly, we suspend respondent from the practice of law in Ohio for six months and condition his readmittance on making full restitution to Adkins.  Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.